WO

# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Denise Gesty, | No. CV-18-00533-TUC-RCC |
| Plaintiff, | **ORDER** |
| v. | |
| United States of America, | |
| Defendant. | |

Pending before the Court is Defendant's Motion to Dismiss Plaintiff's Complaint for Lack of Subject Matter Jurisdiction. (Doc 18). Plaintiff filed a Response (Doc. 19) and Defendant a Reply (Doc. 25). The Court will grant Defendant's Motion to Dismiss with leave to amend.

**I.     FTCA STANDARD FOR SUBJECT MATTER JURISDICTION**

To survive a Motion to Dismiss, a complaint must plead enough facts to state a plausible claim for which relief may be granted. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A plausible complaint must include a "short and plain statement of the claim showing that the pleader is entitled to relief," otherwise the complaint will be dismissed. Fed. R. Civ. P. 8(a)(2). A court must interpret all facts in the complaint in favor of the nonmoving party, but unreasonable facts and conclusory statements will still be dismissed for failure to state a claim. *Cevantes v. United States,* 330 F.3d 1186, 1187 (9th Cir. 2003); *Western Mining Council v. Watt*, 643 F.2d 618, 624 (9th Cir. 2005).

The Federal Tort Claims Act (FTCA) "is the exclusive remedy for tortious conduct by

the United States." *F.D.I.C. v. Craft*, 157 F.3d 697, 706 (9th Cir. 1998). The FTCA grants district courts jurisdiction over civil claims against the United States "under circumstances where the United States, if a private person, would be liable to the claimant in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b). However, district courts do not have jurisdiction over any claim arising out of intentional torts unless the acts are committed by "investigative or law enforcement officers of the United States Government." 28 U.S.C.A. § 2680(h). Section 2680(h) of the FTCA further clarifies that an "investigative or law enforcement officer" is "any officer of the United States who is empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *Id*.

A claim is presumed to be outside the limited Court's jurisdiction and the burden falls on the party claiming jurisdiction to establish it. *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Additionally, "statutes which waive immunity of the United States from suit are to be construed strictly in favor of the sovereign." *McMahon v. United States*, 342 U.S. 25, 27 (1951). If a court determines at any time in the proceedings "that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

## II. FACTUAL AND PROCEDURAL HISTORY

Plaintiff's claim arises from an incident at the Transportation Security Administration (TSA) checkpoint at Las Vegas International Airport (LAS) on August 30, 2017 while traveling from LAS to Tucson. (Compl. at ¶ 4). An Advanced Imaging Technology machine alarmed once Plaintiff passed through, causing a female Transportation Security Officer (TSO) to physically search Plaintiff, pursuant to TSA standard operating procedures (SOPs), without giving Plaintiff the option of going into a private room. (*Id.* at ¶ 5). Plaintiff was ordered by the TSO to lower her pants and when she asked what was going on, the TSO and the TSO's supervisor responded by saying that "they could do whatever they wanted to do." (*Id.* at ¶ 6). Plaintiff states that the TSO "put her hand under [Plaintiff]'s underpants and sexually assaulted her by digitally penetrating her vagina." (*Id.*

at ¶ 7). Plaintiff was also threatened with arrest if she did not cooperate with the search. (*Id.*). Plaintiff claims her "right to privacy was violated and that she was assaulted, humiliated and emotionally abused" by the search and seeks damages caused by the event. (*Id.* at ¶ 10).

Defendant filed a Motion to Dismiss for Lack of Subject Matter Jurisdiction under Federal Rule of Civil Procedure 12(b)(1), stating that the Plaintiff's claim should be barred pursuant to 28 U.S.C. § 2680(h) of the FTCA because the district courts do not have jurisdiction for claims of assault, or any claim arising out of the alleged assault, unless committed by government law enforcement officers. (Doc. 18); *United States v. Shearer*, 473 U.S. 52, 55 (1985). This means the main argument in this case is whether TSOs qualify as government officers under the FTCA. Defendant states in its Motion to Dismiss that most cases have determined that TSOs are not "investigative or law enforcement officers" under 28 U.S.C. § 2680(h). (Doc. 18 at 5). Defendant also argues that TSOs are not law enforcement officers through the TSA statute, 49 U.S.C. § 44901(a), which states, "screening shall take place before boarding and shall be carried out by a Federal Government employee," and not an officer. (Doc. 18 at 7). Defendant claims that Plaintiff's Complaint is a challenge to the SOP of the TSA's security procedures, and under 49 U.S.C. § 46110, the challenge for review of the SOP belongs "in an appropriate court of appeals." (Doc. 18 at 12) (citing *Blitz v. Napolitano,* 700 F.3d 733, 743 (4th Cir. 2012)).

Plaintiff argues in her Response that TSOs are in fact investigative or law enforcement officers because TSOs are government agents, empowered to search passengers traveling through the TSA checkpoints, seize prohibited items, and detain passengers for violations of federal law. (Doc. 19 at 2). Plaintiff's Response argues that the phrase "any officer" of Section 2680(h) of the FTCA should encompass TSOs because the word "any" in statutes should carry an expansive meaning. (Doc. 19 at 4); *SAS Inst., Inc. v. Iancu*, 138 S. Ct. 1348, 1354 (2018); *see Millbrook v. United States*, 569 U.S. 50, 57 (2013) (rejecting lower court's narrow interpretation in the text of a statute). Plaintiff cites the Supreme Court decision in *Ali v. Federal Bureau of Prisons,* 552 U.S. 214, 221 (2008), in which the court ruled that

"any other law enforcement officer" in Section 2680(c) of the FTCA should include "law enforcement officers of whatever kind," and this meaning of law enforcement officers should apply to Section 2680(h) of the FTCA as well. (Doc. 19 at 7). Defendant argues TSOs are not officers because (1) TSOs search individuals in public; (2) TSOs are not armed; (3) TSOs searches are consensual; (4) and there is no potential for significant abuses. (Doc. 19 at 4). Plaintiff counters these claims by arguing (1) TSOs can perform pat-downs in private locations; (2) being armed is not a necessary component of a law enforcement officer under the FTCA; (3) the reasonableness of the search does not depend on the passengers' consent; (4) and the possibility of abuse in back room pat-downs are significant and may even be considered sexual assault. (*Id*. at 5-6). Finally, Plaintiff argues that airport screenings do constitute searches under the Fourth Amendment, and the TSA even refers to screenings as searches. (Doc. 19 at 10); *see United States v. Marquez*, 410 F.3d 612, 616 (9th Cir. 2005) ("Airport screenings of passengers and their baggage constitute administrative searches and are subject to the limitations of the Fourth Amendment.").

In Defendant's Reply, Defendant argues that only one case, *Armato v. Doe*, No. CV-11-02462-PHX-ROS, 2012 WL 13027047 (D. Ariz. May 15, 2012), supports the Plaintiff's argument that TSOs are law enforcement officers as defined by Section 2680(h) of the FTCA. (Doc. 25 at 1). Defendant argues that this case is a lone outlier from the numerous other cases that rule TSO agents are not covered under the FTCA. (*Id*.). Further, Defendant claims that the statutory language is ambiguous, and when ambiguity in a statute exists, it is necessary to look at the "structure, context, purpose, and history, as well as the relevant case law" of the statute. (Doc. 25 at 3); *Pellegrino v. United States Transp. Sec. Admin., Div. of Dep't of Homeland Sec.*, 896 F.3d 207 (3d Cir.), *reh'g en banc granted sub nom., Pellegrino*, 904 F.3d 329 (3d Cir. 2018). Defendant's Reply reiterates that TSOs should not be considered "officers" because of the distinction made under 49 U.S.C. § 44901(a), where "employees" is used to define TSOs; "screening shall take place before boarding and shall be carried out by a Federal Government employee." (Doc. 25 at 6). Additionally,

Defendant's Reply argues that the phrase "for violations of Federal law" should apply to searches and seizure of evidence in Section 2680(h) and not just for making arrests as the Plaintiff claims. (*Id*. at 7). Defendant's Reply states that Plaintiff uses this interpretation to argue that any search would make TSOs investigative law enforcement officers. However, Defendant claims that the modifying clause "for violations of Federal law" should apply to all three elements of Section 2680(h) to define an investigative law enforcement officer. (*Id*. at 10). From this interpretation Defendant argues that the TSA screenings are not "for finding violations of Federal law," but are rather for transportation security, arguing that most prohibited items are not Federal law violations, such as liquids. (*Id*. at 10). Defendant therefore claims that the term "search" in Section 2680(h) does not have the same meaning as a "search" under the Fourth Amendment and that because TSOs are employees, they are not "empowered by law to execute searches, seize evidence, or make arrests. (*Id*. at 12, 20-21).

### III. DISCUSSION

#### a. Supreme Court Caselaw

Neither the United States Supreme Court nor the Ninth Circuit have answered the question of whether TSOs are "investigative or law enforcement officers" under the FTCA, causing a needed detailed analysis into case law and statutory interpretation. Case law advises against classifying TSOs as law enforcement officers because only one case (*Armato*) held TSOs to be enforcement officers, contrary to the numerous other cases that held TSOs to not be covered under Section 2680(h) of the FTCA. *See e.g., Pellegrino* 896 F.3d at 225 (holding TSOs are not criminal law enforcement officers covered by the provision); *Vanderklok v. United States*, 142 F. Supp. 3d 356, 363 (E.D. Pa. 2015) ("TSA screeners are not 'officers' within the meaning of the law enforcement proviso"); *Hernandez v. United States*, 34 F. Supp. 3d 1168, 1182 (D. Colo. 2014) (same); *Weinraub v. United States*, 927 F. Supp. 2d 258, 266 (E.D.N.C. 2012) (finding TSA does not consider TSOs "to be a law enforcement position"). Plaintiff cannot cite another case in her favor, but rather, claims all these other cases, aside from *Armato*, "got it wrong." (Doc. 19 at 9).

As no other court has followed the ruling in *Armato*, neither shall this Court.

Plaintiff argues Section 2680(h) of the FTCA should be interpreted in her favor because "any officer" should be broad enough to include TSOs by using the Supreme Court's interpretation of Section 2680(c). Plaintiff cites *Millbrook*, 569 U.S. at 57, and *Ali*, 552 U.S. at 221, in depth, but these cases can be distinguished. In *Millbrook* and *Ali*, the court simply concluded that if an individual were a federal investigative law enforcement officer under Section 2680(h), that individual would be covered under the FTCA regardless of whether the conduct at issue arose from their investigate law duty functions. First, *Millbrook* failed to clarify which individuals would be initially covered under Section 2680(h), including whether TSOs should be covered. Additionally, the *Ali* decision Plaintiff cites deals with an entirely different provision of the FTCA altogether and does not address the provision of the FTCA at issue, but rather deals with the collection of taxes. These two cases do not address the main issue of how to determine which individuals are investigative or law enforcement officers, and no court outside of *Armato* has ruled TSOs to be covered under the FTCA. Not only does Plaintiff fail to cite a persuasive court ruling holding that TSOs are covered under Section 2680(h), she fails to cite any cases in support of this statutory interpretation as well.

### b. Statutory Interpretation

The statutory definition of law enforcement officer includes "any officer of the United States who is empowered by law to exercise searches, to seize evidence, or to make arrests for violations of Federal law." 28 U.S.C. § 2680(h). The modifying clause "for violations of Federal law" applies to search, seizure, or arrest. Therefore, TSOs cannot be covered under Section 2680(h) of the FTCA unless the employee can perform at least one of these three actions, and to do so because of a violation of Federal law.

First, because TSOs do not search or seize materials that violate Federal laws, but rather collect items that are prohibited in carry-on luggage, they cannot generally be considered law enforcement officers. In contrast, law enforcement security functions, including arrest for violations of Federal law, are carried out by the regulations stated in the Code of Federal

Regulations, which require the utilization of state, local, and private law enforcement officers. 49 C.F.R. §§ 1542.215, 1542.217.

Second, the plain meaning of the statute demonstrates that TSOs are not statutorily considered officers under 49 U.S.C. § 44901(a). Where a statute is unambiguous, the courts must interpret the statute according to its ordinary meaning. *Carcieri v. Salazar*, 555 U.S. 379, 387 (2009). Section 44901(a) clearly and unambiguously states that TSOs are designated "government employees," not officers, and should not be covered under the FTCA.

But, in some instances, a TSA employee may be considered a law enforcement officer. While general TSA screeners cannot be considered law enforcement officers, a TSA Administrator may designate a Law Enforcement Officer (LEO), who has the power to carry firearms, seize evidence, or make arrests. 49 U.S.C. § 114(p). TSOs who receive a LEO designation would qualify as law enforcement officers under Section 2680(h). *See Scruggs v. Nielsen,* No. 18 CV 2109, 2019 WL 1382159, at *3 (N.D. Ill. Mar. 27, 2019) ("It appears to be undisputed that the latter category of TSA agent is an 'investigative or law enforcement officer' within the meaning of the proviso.").

### c. Facial v. Factual Attack on Determination of Law Enforcement Officer

There are two types of challenges to subject matter jurisdiction: factual and facial attacks. A factual attack disputes the truth of the allegations that would give the court subject-matter jurisdiction. *Courthouse News Service v. Planet*, 750 F.3d 776, 780 (9th Cir. 2014). In contrast, a facial attack challenges the sufficiency of the factual allegations in the complaint, arguing that the facts as pled do not give rise to subject matter jurisdiction in federal court. *Id*. In a facial attack the court may not look at evidence outside the complaint and must take the non-moving parties' allegations as true. *Id*. But, the court may look at outside evidence beyond the complaint to establish to decide the motion to dismiss for lack of jurisdiction if the moving party is stating a factual attack. *Safe Air for Everyone v. Meyer*, 373 F.3d 1035, 1039 (9th Cir. 2004).

According to the Deputy Federal Security Director of the TSA, there are no LEOs

at LAS. (Doc. 18-2 at 2). This declaration falls outside of the pleadings. Under a factual attack a court may look at this evidence to determine subject matter jurisdiction. But, Defendant's argument is more of a facial attack because Defendant is claiming that even if taken as true, the factual allegations in the complaint are insufficient to give the court subject matter jurisdiction. This is because TSA employees are not considered law enforcement officers. Therefore, the Court will consider all factual allegations in Plaintiff's Complaint as true under a facial challenge.

Even taken as true, Plaintiff's Complaint fails to state a claim. The Complaint does not allege that the TSOs who violated her rights had LEO designation. Without this designation, generic TSA screeners are not covered by the law enforcement proviso under Section 2680(h) of the FTCA. Plaintiff refers to the TSOs in the Complaint as "government agents," making the Complaint ambiguous as to whether the TSOs who conducted the pat down screening on Plaintiff are LEOs within the meaning of the proviso. (Doc. 19 at 2).

The Court will grant Defendant's Motion to Dismiss because as plead, Plaintiff has not alleged facts indicating she is entitled to relief. However, dismissal with prejudice is inappropriate at this stage. The Court will grant Plaintiff leave to amend to remedy the deficiencies in the Complaint: specifically, to provide the TSOs names and include whether these individuals had a LEO designation.

### d. *Bivens* Claim

Furthermore, although TSOs without the LEO title cannot be considered "investigative or law enforcement officers" under Section 2680(h) of the FTCA, Plaintiff may have another avenue for asserting jurisdiction in federal court by alleging a *Bivens* claim against the individual TSO. 28 U.S.C.A. § 1331; *Nixon v. Fitzgerald*, 457 U.S. 731, 789 (1982). Under *Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics*, 403 U.S. 388, 392 (1971), a plaintiff may sue for damages caused by injury to a constitutional right by an individual federal officer acting under federal authority. *Nixon*, 457 U.S. at 789. But, only "persons" may be brought as defendants in suits under *Bivens* claims, which bars the United States and other federal agencies from liability because these entities are not included as

"persons." *See F.D.I.C. v. Meyer*, 510 U.S. 471, 486 (1994) (declining to extend *Bivens* claims against federal agencies.). Furthermore, qualified immunity protects government officials from liability when exercising their discretion to protect public interests. *Harlow v. Fitzgerald*, 457 U.S. 800, 807, (1982). If government officials are using their discretion, they will have qualified immunity if "their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Pearson v. Callahan*, 555 U.S. 223, 231, (2009). Qualified immunity also protects officials from liability for "mistaken beliefs." *Saucier v. Katz*, 533 U.S. 194, 205 (2001). Therefore, the burden falls on the plaintiff to assert (1) that defendant violated her constitutional rights and that (2) the constitutional right was "clearly established at the time of the alleged unlawful activity." *Riggins v. Goodman*, 572 F.3d 1101, 1107 (10th Cir. 2009).

Previous cases have demonstrated that TSA officials should not be held liable under *Bivens* for an alleged unconstitutional arrest and detention and qualified immunity should be granted to the defendants in these circumstances. *George v. Rehiel*, 738 F.3d 562, 583 (3d Cir. 2013). However, qualified immunity was not granted to a TSA worker when the worker "gratuitously and intentionally struck Plaintiff in the groin" during a pat down search. *Linlor*, 263 F. Supp. 3d at 627. *Linlor* was not a typical *Bivens* Fourth Amendment concern, but rather involved excessive force at a TSA checkpoint, thus creating a new context for a *Bivens* analysis. *Id*. at 621. Still, the court concluded that the conduct of the TSA worker was in violation of *Bivens* and was completely unnecessary for the protection of national security. *Id.* at 627. As a result, the court denied the defendant's Motion to Dismiss. *Id*.

Therefore, Plaintiff may be able to raise a *Bivens* claim against the TSO. A court should "freely give leave" to a party to amend its complaint "when justice so requires." Fed. R. Civ. P. 15(a)(2). The Court will grant leave to Plaintiff to amend her Complaint to determine whether the TSA agents received a law enforcement designation.

**IV. CONCLUSION**

Plaintiff fails to allege facts that would lead to a conclusion that TSOs should be

covered under the provision of the FTCA. TSOs are not officers and (outside LEOs) are not "empowered by law to execute searches, to seize evidence, or to make arrests for violations of Federal law." *See Pellegrino* 896 F.3d at 225 (finding airport screenings by TSOs are not searches; therefore, TSOs are not covered by the law enforcement provision). The United States of America is immune from this suit under Section 2680(h) of the FTCA, if Plaintiff cannot plead facts to show that the TSA agents in question had a LEO title.

However, the Court will grant a leave to amend to allege facts demonstrating that TSA agents were designated law enforcement officers by the TSA Administrator. In addition, jurisdiction in district court would still exist in this matter through federal question jurisdiction, 28 U.S.C.A. § 1331, for a suit arising from a *Bivens* claim.

IT IS ORDERED:

1. Plaintiff's Complaint (Doc. 1) is DISMISSED WITH LEAVE TO AMEND.
2. Plaintiff may file a First Amended Complaint within thirty (30) days of the date of this Order.
3. If Plaintiff fails to file a First Amended Complaint within thirty (30) days of the date of this Order, the Clerk of Court shall, without further notice, enter a judgment dismissing this case with prejudice.

Dated this 18th day of July, 2019.

_____
Honorable Raner C. Collins
Senior United States District Judge